### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-23773-KMM

JOHN REINALDO CUARTAS GAVIRIA,

      Plaintiff,

vs.

MIAMI DADE TRANSPORT
AND RECOVERY, INC.; and
NELSON GARCIA, individually;

      Defendants.

_____/

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Complaint (ECF No. 10).  Plaintiff filed a Response (ECF No. 11).  The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I.    BACKGROUND[1]

Plaintiff, John Reinaldo Cuartas Gaviria, was an employee of Defendant, Miami Dade Transport and Recovery, Inc. ("MDT&R") from approximately April 15, 2008 to February 11, 2011.  Plaintiff alleges that Defendant MDT&R, and MDT&R's corporate officer, Defendant Nelson Garcia, failed to compensate him for employment in excess of forty hours per week in violation of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) ("FLSA" or "the Act"). Defendants now seek to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

---

[1] The facts herein are taken from Plaintiff's Complaint (ECF No. 1).  All facts are construed in a light most favorable to Plaintiff.

1

## II.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984).  On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Id. at 1950.  A complaint must also contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007).  However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III.    ANALYSIS

Defendants argue that Plaintiff's Complaint should be dismissed because "there are absolutely no exhibits whatsoever to support the allegations as set forth in Plaintiff's Complaint and, further, [the Complaint] contain allegations based upon information and belief which are

insufficient as a matter of law to state a cause of action." Defs' Mot. to Dismiss, at 1–2. As an initial matter, Defendants are incorrect to presume that "exhibits" are necessary at the pleading stage. As for Plaintiff's Complaint, a review of the Complaint reveals that Plaintiff worked as a "repo man" for the Defendants between October 2008 and February 2011; the materials and goods Plaintiff transported as a repo man moved through interstate commerce either before or after Plaintiff's interactions with the goods and materials; and that Plaintiff worked an average of fifty hours a week and was not paid overtime wages for those hours worked in excess of forty hours a week. Consequently, the Complaint contains sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).

## IV.    CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Complaint (ECF No. 10) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of March, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record